UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-148 (NEB/KMM)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAVON TARRELL TIMBERLAKE,

    Defendant.

PLEA AGREEMENT AND
SENTENCING STIPULATIONS

The United States of America and the defendant, TAVON TARRELL TIMBERLAKE, agree to resolve this case on the following terms and conditions. This Plea Agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**. The defendant agrees to plead guilty to Count 1 of the Indictment charging him with Failing to Surrender for Service of Sentence, in violation of Title 18, United States Code, Sections 3146(a)(2) and 3146(b)(1)(A)(ii).

2.    **Factual Basis**. The defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

    a.    On or about November 30, 2010, the defendant pleaded guilty in the United States District Court of the District of Minnesota to Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), in case no. 10-CR-273(DSD/SER). He was sentenced to 80 months imprisonment, followed by 3 years supervised release.

SCANNED
JUL 1 0 2019
KDS
U.S. DISTRICT COURT ST. PAUL

    b. The defendant began his period of supervised release on June 10, 2016. On January 9, 2019, the defendant appeared before the Honorable Susan Richard Nelson for a final revocation hearing to determine whether the defendant was in violation of the terms and conditions of his supervised release. The Court determined that the defendant had violated the conditions of his supervised release by using marijuana, failing to complete the Re-Entry Center program, and possession of a dangerous weapon. The Court sentenced the defendant to eight months in custody with no supervision to follow. The Court granted the defendant's request that he be allowed to self-surrender to the United States Marshal for the District of Minnesota ("U.S. Marshal") on January 23, 2019.

    c. The defendant knowingly and willfully failed to surrender to the U.S. Marshal on January 23, 2019. Law enforcement located and arrested the defendant on March 25, 2019.

  3. **Waiver of Pretrial Motions**. The defendant understands and agrees the defendant has certain rights to file pretrial motions in this case. As part of this Plea Agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly, and voluntarily agrees to withdraw any pending pretrial motions he may have already filed and to give up the right to file any additional pretrial motions.

  4. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries the following statutory penalties:

    a. a maximum term of 5 years' imprisonment, to run consecutive to the sentence of imprisonment in case no. 10-CR-273(DSD/SER) for his supervised release violation (18 U.S.C. §§ 3146(b)(1)(A)(ii) and 3146(b)(2));

    b. a supervised-release term of not more than 3 years (18 U.S.C. §§ 3559(a)(4) and 3583(b)(2));

    c. a fine of up to $250,000 (18 U.S.C. § 3571(b)(3)); and

    d. a mandatory special assessment of $100 (18 U.S.C. § 3013(a)(2)(A)).

5. **Guidelines Calculations**. The parties acknowledge the defendant will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. Nothing in this Plea Agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following Guidelines calculations:

    a. **Base Offense Level**. The parties agree that because the offense involved a failure to report for service of sentence, the base offense is 11. USSG § 2J1.6(a)(1).

    b. **Specific Offense Characteristics**. The parties agree that no specific offense characteristics or adjustments apply.

    c. **Chapter Three Adjustments**. The parties agree that, other than as provided for in paragraph d below for acceptance of responsibility, no other Chapter Three adjustments apply.

    d. **Acceptance of Responsibility**. The parties agree that if and only if the defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the United States will recommend that the defendant receive a <u>two-level reduction</u> for acceptance of responsibility under USSG § 3E1.1(a). The defendant understands that any reduction for acceptance of responsibility shall be determined by the Court in its discretion. After applying all adjustments, the **total offense level is 9** (11-2).

    e. **Criminal History Category**. Based on the information currently available, the ~~parties~~ Government believes the defendant has a criminal history category of <u>VI</u>. This is not a stipulation but merely a belief based on an assessment of the information currently known. Accordingly, the parties agree that the defendant's actual criminal history and related status will be determined by the Court based on

the information presented in the Presentence Report and by the arguments made by the parties at the time of sentencing. The Defendant believes that his Criminal History Category is V

 f. **Guidelines Ranges**. If the total offense level is 9 (base offense level of 11, decreased by 2 levels for acceptance of responsibility), and the criminal history category is VI, the advisory Guidelines range is 21 to 27 months' imprisonment. If the Defendant's criminal history category is V, the advisory Guidelines range is 18-24 months' imprisonment.

 g. **Fine Range**. If the total offense level is 9, the applicable fine range is $2,000 to $20,000. USSG § 5E1.2(c)(3).

 h. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100.00. USSG § 5E1.3. The defendant understands and agrees that this special assessment is due and payable at sentencing.

 i. **Supervised Release**. The Guidelines require a term of supervised release of at least 1 year but not more than 3 years. USSG § 5D1.2(a)(2).

6. **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors, the applicable criminal history category, and/or the total offense level. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guidelines calculations, the defendant's criminal history category, or the total offense level are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

7. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be

sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Waiver of Freedom of Information Act and Privacy Act**.  In exchange for the concessions of the United States made herein, the defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

9. **Waiver of Appeal and Postconviction Petition**.  The parties are expressly aware that Title 18, United States Code, Section 3742, affords them the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made as part of this agreement, the parties hereby waive all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence imposed or the basis of conviction on any ground, except the defendant may appeal his sentence if the sentence imposed is greater than 27 months [if the Criminal History Category is VI or 24 months if the Criminal History Category is V], and the United States may appeal the sentence if the sentence imposed is less than 21 months [if the Criminal History Category is level VI or 18 months if Criminal History Category is V]. The defendant also understands his rights to file and seek a postconviction petition contesting his conviction or sentence and, except for a claim of ineffective assistance of counsel, the defendant knowingly and voluntarily waives all rights to contest the defendant's conviction or sentence in any postconviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. The defendant has discussed these rights with the defendant's counsel and understands the rights being waived.

10. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: July 9, 2019

ERICA H. MacDONALD
United States Attorney

BY: CAROL M. KAYSER
EVAN GILEAD
Assistant United States Attorneys

Dated: July 9 2019

TAVON TARRELL TIMBERLAKE
Defendant

Dated: 7-9-19

BRUCE RIVERS, ESQ.
Attorney for Defendant